**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| MICHAEL T. JOHNSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-11-3955 |
| § | |
| PATRICK R. DONAHOE, Postmaster § | |
| General and UNITED STATES POSTAL § | |
| SERVICE AGENCY, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

The plaintiff, Michael T. Johnson, sued his employer, the United States Postal Service, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794; and 29 C.F.R. § 1614.109. Johnson alleged discrimination based on race, sex, age, disability, and retaliation. The defendants, Patrick R. Donahoe, Postmaster General, and the United States Postal Service (together, the "Postal Service"), moved for dismissal under Federal Rule of Civil Procedure 12(b)(1) or for summary judgment under Rule 56(c), on the basis that Johnson filed this suit too late. Johnson, proceeding *pro se*, responded.

Based on the pleadings, the motion and response, the record, and the applicable law, this court concludes that Johnson's complaint, filed in state court on September 29, 2011, was untimely.

As a result, the defendants are entitled to dismissal as a matter of law.  An order of dismissal is separately entered.[1]

The reasons for this ruling are stated below.

**I.     Background**

Before May 2009, Johnson worked as a full-time mail processing clerk at the Postal Service's Houston Processing & Distribution Center.  In May 2009, he became a mail processor at the North Distribution Dispatch Center (NDDC) in Houston.  (Docket Entry No. 9, at 2).  Supervisor of Distribution Operations ("SDO") Tammy Fletcher was Johnson's manager; SDO Sherrell Smith was his immediate supervisor.  (Docket Entry No. 9, Ex. A-3, EEOC Decision Without a Hearing, at 3–4).  On May 23, 2009,  Johnson reported to work and told Smith that he was on "[l]imited [d]uty."  (*Id.* at 4).  SDO Smith asked Johnson to produce documents verifying his limited-duty status and outlining his current medical restrictions.  On June 10, 2009, Johnson presented a Department of Labor Form CA-17 Duty Status Report, dated July 2008.  (*Id.*)  The Postal Service alleged that this document identified his work restrictions as follows:  Sitting = 8 hours,[2] Standing = 4 hours, Walking = 4 hours, Bending and Stooping = 2 hours, and Twisting = 2 hours.  The Postal Service alleged that a supervisor informed Johnson that his form was out-of-date because limited-duty restrictions require updating every 30 days.  The Postal Service stated that, on an unspecified

---

[1] Johnson filed a "Motion to Deny Defendants 'et al' Dismissal Motion."  (Docket Entry No. 10).  This motion is denied.  He also filed a "Motion for a Jury Trial."  (Docket Entry No. 13).  This motion is moot.

[2] The defendants alleged the form restricted Johnson's sitting to 8 hours. (Docket Entry No. 9, at 3).  Johnson alleged that he gave SDO Smith a CA-17 form on June 10, 2009 which stated that he could sit for only 4 hours intermittently.  (Docket No. 1, Ex. A, Harris County Complaint, at 2–3).  For this point, Johnson refers the court to his attached Exhibit A, a Duty Status Report completed by a physician on May 14, 2010, nearly a year after the incident in question.  (*Id.*, Ex. A).

later date, Johnson eventually submitted an updated form dated June 10, 2009. (Docket Entry No. 9, at 2–3).

On June 12, 2009, the mail facility's Light and Limited Duty Cocoordinator confirmed that Johnson's restrictions would not prevent him from removing sorted mail from the top bins of a sorting machine. This work did not require bending or stooping. (*Id.* at 3; Docket Entry No. 9, Ex. A-3, at 4). Johnson alleged that SDO Smith, SDO Fletcher, and Manager of Distribution Operations ("MDO") Marilyn McAfee gave him an assignment that required "8 hours standing with no sitting." (Docket No. 1, Ex. A, Harris County Complaint, at 3). In this suit, the defendants responded that his work assignment was consistent with his documented work restrictions. (Docket Entry No. 9, at 3).

Johnson worked on the machine for an unspecified period on June 12 and then told his supervisors that he could no longer do the work because of his restrictions. SDO Smith told to report to the supervisor's office. SDO Smith contacted Johnson's union steward by telephone and conducted a conference between SDO Smith, Johnson, and the union steward over speaker phone. After the conference call ended, Johnson used his cell phone to call the union steward again. SDO Smith told Johnson to end his cell-phone call and return to work. Johnson refused. As a result, MDO McAfee placed Johnson "off the clock" for failing to follow instructions. (*Id.*; Docket Entry No. 9, Ex. A-3, at 4).

The Postal Service alleged that on August 15, 2009, Johnson was involuntarily reassigned to a Postal Service Station in the Woodlands, Texas due to "excessing," a process set out in the national collective-bargaining agreement. Under "excessing," the Postal Service looks at its staffing and work-hour needs at various locations and assigns employees who are not needed in one location

3

to other positions or work locations where they are needed. (Docket Entry No. 9, at 3 & n.7). On August 19, 2009, Johnson called the station and told manager Gary Ennis that he could not report for duty. (Docket Entry No. 9, at 4). Johnson had missed the previous day of work and had not notified management of his absence. When he reported to work on August 22, 2009, he was assigned to work at the "dutch door," assisting customers. On August 24, 2009, Ennis warned Johnson about not closing the dutch door during customer-service hours, which was against Postal Service rules. According to Ennis, Johnson responded in a "very loud and threatening manner" and refused to return to his duty area. Ennis told Johnson to "clock out," and walked away. Johnson followed Ennis, who felt threatened and called the authorities. (*Id.*; Docket Entry No. 9, Ex. A-3, at 5).

On August 14, 2009, Johnson filed a formal complaint of discrimination based on race (African-American), sex (male), age (over 40), retaliation (for prior discrimination-complaint activity), and disability (for claiming limited duty). He identified the adverse action as being placed "off the clock" on June 12, 2009. (Docket Entry No. 9, Ex. A-1, Postal Service Discrimination Complaint). On September 12, 2009, Johnson amended his complaint to identify as additional adverse actions being told on August 19, 2009 that he would be placed off the clock when he reported back to duty and being placed off the clock on August 24, 2009. (Docket Entry No. 9, Ex. A-2, Amendment to Complaint).

After the Postal Service investigated his claim, Johnson requested a hearing before the EEOC. (Docket Entry No. 9, Ex. A, Baker-Abrams Decl., ¶ 4(iii)). On June 2, 2010, the Postal Service moved for findings of fact and conclusions of law, without a hearing. On June 16, 2010, Johnson responded. (Docket Entry No. 9, at 5). On March 25, 2011, the EEOC administrative judge

4

issued a "Decision Without a Hearing," finding no discrimination or retaliation and dismissing Johnson's complaint. (Docket Entry No. 9, Ex. A-3). The decision informed Johnson of his right to appeal to the EEOC's OFO upon receiving a final order from the Postal Service. (*Id.* at 15).

On April 20, 2011, the Postal Service issued a Notice of Final Action implementing the administrative judge's decision. (Docket Entry No. 9, Ex. A-4, Notice of Final Action). The Notice of Final Action informed Johnson of his right to: (1) file an appeal of the Postal Service's final decision to the Director, Office of Federal Operations, within 30 calendar days; or (2) to file a civil action in federal district court within 90 calendar days of receiving the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on appeal, or after 180 days from the date of filing an appeal with EEOC if no final decision had been rendered.[3] (*Id.* at 1–2). The defendants submitted documents showing that Johnson received the Notice of Final Action on April 23, 2011, at 11:53 a.m., in Houston, Texas. (Docket Entry No. 9, Ex. A-5, Delivery Confirmation).

Johnson did not file an appeal with the OFO. On September 23, 2011, Johnson filed this civil action in Texas state court. The Postal Service timely removed and moved to dismiss for lack of jurisdiction or for summary judgment based on Johnson's failure to follow the proper administrative remedies in a timely manner, under 42 U.S.C. § 2000e-16(c) and 29 C.F.R. §§ 1614.401, 1614.407.

## II.    The Legal Standards

### A.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court

---

[3] Several documents sent to Johnson explained his right to appeal. (*See* Docket Entry No. 9, Exs. A-2 to A-4).

lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation and internal quotation marks omitted). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citation and internal quotation marks omitted); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261; *Olivier v. Kelly*, No. 12–CV–642, 2012 WL 4207301, at *2 (W.D. La. Aug. 31, 2012) ("Under Rule 12(b)(1), a court has wide discretion to review affidavits, and other documents outside of the pleadings . . . to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside of the pleadings does not convert the motion to a Rule 56 summary judgment motion." (citing *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995))).

**B.     The Deadlines for Filing Suit**

As a condition to filing suit in federal court, Title VII requires a federal employee claiming discrimination to exhaust his administrative remedies. *Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). If the plaintiff fails to exhaust his administrative remedies, the district court lacks jurisdiction to entertain the lawsuit. *Id.*; *see also Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd.*, 40 F.3d 698, 711 (5th Cir. 1994) ("[C]ourts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies."). A federal employee pursuing claims under Title VII or the ADEA must timely file suit, and only after first exhausting his administrative remedies. *Tolbert v. United States*, 916 F.2d 245, 247–48 (5th Cir. 1990) (per curiam); *see also Pacheco v. Mineta*, 448 F.3d 783, 787–88 (5th Cir. 2006) (citing, *inter alia*, 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.105–1614.107). When a complainant seeks EEOC review of an initial federal-agency determination, the complainant must exhaust that avenue before bringing a civil action in federal court. *Tolbert*, 916 F.2d at 248–49 (citing *White v. Frank*, 895 F.2d 243, 244 (5th Cir. 1990)).

If the complainant elects to have a hearing before an administrative judge appointed by the EEOC and the administrative judge issues a decision, the agency — here, the Postal Service — has 40 days to take final action by either implementing or rejecting the administrative judge's decision and by issuing a final decision or Notice of Final Action on the discrimination complaint. 29 C.F.R. §§ 1614.109(*i*), 1614.110. Once the agency issues its final decision and the claimant receives it, the claimant has the right to: (1) file an appeal of the final decision to the EEOC within 30 calendar days; or alternatively, (2) to file a civil action in the United States District Court within 90 calendar days of receipt of the agency's final decision. 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.401,

1614.407; *see also Fobbs v. Potter*, 338 F. App'x 359, 361 (5th Cir. 2009); *Tolbert*, 916 F.2d at 249; *Jackson v. Shinseki*, Civ. A. No. H-10-0170, 2010 WL 2303307, at *4 (S.D. Tex. June 7, 2010).

**III.   Analysis**

The administrative judge issued the decision finding no discrimination or retaliation on March 25, 2011. (Docket Entry No. 9, Ex. A, ¶¶ 4(iv), 9; *id.*, Ex. A-3). On April 20, 2011, the Postal Service issued its Notice of Final Action agreeing to implement the administrative judge's decision and dismissing Johnson's complaint. (Docket Entry No. 9, Ex. A, ¶¶ 4(v), 10; *id.*, Ex. A-4). Johnson received the Notice of Final Agency Action on April 23, 2011. (Docket Entry No. 9, Ex. A, ¶ 11; *id.*, Ex. A-5). The Notice of Final Action informed Johnson of his right to: (1) file an appeal of the Postal Service's final decision to the OFO within 30 calendar days; or (2) to file a civil action in the United States District Court within 90 calendar days of receiving the Postal Service's final decision, or within 90 calendar days of the EEOC's final decision on appeal. The undisputed evidence shows that Johnson did neither. Instead, he filed suit in state court on September 29, 2011.

In response to the motion to dismiss, Johnson argued only that he received a final decision from the EEOC but "didn't receive a final decision from the defendants 'et al.'" (Docket Entry No. 10). Johnson stated that "after waiting for more than 120 days the plaintiff filed this civil case." (*Id.*). The undisputed facts in the record establish as a matter of law that Johnson did receive a final decision from the Postal Service. His failure to file a timely suit after receiving that decision deprives this court of subject-matter jurisdiction.[4]

---

[4] Johnson has not argued equitable tolling and the record does not support its application. The law is clear that a federal employee's failure to exhaust is generally not subject to equitable tolling. *See Tolbert*, 916 F.2d at 247 (holding that a plaintiff's failure to exhaust his administrative remedies "wholly deprives the district court of jurisdiction over the case"); *Atkins v. Kempthorne*, 353 F. App'x 934, 936 (5th Cir. 2009) ("[A] premature [lawsuit] constitutes a failure to exhaust administrative remedies and requires dismissal of the complaint for lack of jurisdiction."). There is no indication that Johnson acted within the statutory period or that he was misled by the Postal Service into delayed action, which are

The motion to dismiss based on Rule 12(b)(1) is granted. The alternative summary-judgment motion is moot. Johnson's motion to deny dismissal is denied. (Docket Entry No. 10). His motion for a jury trial is moot. (Docket Entry Nos. 13).

**IV.    Conclusion**

The undisputed facts show that Johnson failed timely to file suit or exhaust his administrative remedies. This case is dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

An order of dismissal is separately entered.

SIGNED on October 15, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

typically required before equitable tolling is applied. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990).